**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| MULTIMODAL MEDIA LLC, | ) | Case No. |
|  | ) |  |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SAMSUNG ELECTRONICS CO., LTD. and | ) |  |
| SAMSUNG ELECTRONICS AMERICA, | ) |  |
| INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Multimodal Media LLC ("Multimodal" or "Plaintiff") files this original Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively, "Samsung" or "Defendants") for patent infringement under 35 U.S.C. § 271 and alleges as follows:

**THE PARTIES**

1.    Multimodal is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 505 East Travis Street, Suite 208, Marshall, Texas 75670.

2.    Defendant Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129, Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea. Upon information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and

potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3.      Defendant Samsung Electronics America is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Upon information and belief, Samsung Electronics America has corporate offices located at 6225 Excellence Way, Plano, Texas 75023. Samsung Electronics America may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.      Defendants have authorized sellers and sales representatives that offer and sell products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; AT&T Store, 1712 East Grand Avenue, Marshall, Texas 75670; Sprint Store, 1806 East End Boulevard North, Suite 100, Marshall, Texas 75670; TMobile, 900 East End Boulevard North, Suite 100, Marshall, Texas 75670; Verizon authorized retailers, including Russell Cellular, 1111 East Grand Avenue, Marshall, Texas 75670; Victra, 1006 East End Boulevard North, Marshall, Texas 75670; and Cricket Wireless authorized retailer, 120 East End Boulevard South, Marshall, Texas 75670.

## JURISDICTION

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants. Defendants regularly conduct business and have committed acts of patent infringement and/or have induced acts of patent

infringement by others in this Judicial District and/or have contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Samsung Electronics is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). Venue is further proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District. Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, offers to sell, and/or imports infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District, such that this venue is a fair and reasonable one. Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

8.      Defendants are subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and Judicial District, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

9.      On April 19, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,929,949 (the "'949 Patent") entitled "Interactive Multimodal Messaging." A    true    and    correct    copy    of    the    '949    Patent    is    available    at:

https://patentimages.storage.googleapis.com/de/d2/06/c5fdd722e0829b/US7929949.pdf.

10.    On January 31, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,107,978 (the "'978 Patent") entitled "Addressing Voice SMS Messages." A true and correct copy of the '978 Patent is available at: https://patentimages.storage.googleapis.com/b2/d3/ed/b5ec3847b71d2c/US8107978.pdf.

11.    On November 10, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,185,227 (the "'227 Patent") entitled "Sender Driven Call Completion System." A true and correct copy of the '227 Patent is available at: https://patentimages.storage.googleapis.com/d3/c6/6a/edeb45343417d3/US9185227.pdf.

12.    On February 4, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,552,030 (the "'030 Patent") entitled "Multi-Gesture Media Recording System." A true and correct copy of the '030 Patent is available at: https://patentimages.storage.googleapis.com/3a/9c/64/64210e08ecaf98/US10552030.pdf.

13.    Multimodal is the sole and exclusive owner of all right, title, and interest in the '949 Patent, the '978 Patent, the '227 Patent, and the '030 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Multimodal also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

14.    Multimodal has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

15.     The Patents-in-Suit generally cover systems and methods of recording and sending interactive messages and voice messages using mobile devices, as well as completing a communication after an incomplete call.

16.     The '949 Patent relates to interactive multimodal messaging on mobile devices. The technology described in the '949 Patent was developed by Ewald Anderl. The technology is implemented by infringing phones that permit users to create, send, receive, and interact with multimodal messages.

17.     The '978 Patent relates to integrating and transmitting voice messages with text messages on mobile devices. The technology described in the '978 Patent was developed by Ewald Anderl, Ajay Thapar, and Chinna Chockalingam. The technology is implemented by infringing phones that permit users to input and transmit voice content with a text message.

18.     The '227 Patent relates to completing an incomplete call on mobile devices. The technology described in the '227 Patent was developed by Inderpal Mumick, Surinder Anand, and Raja Moorthy. The technology is implemented by infringing phones that permit users to complete an incomplete call by detecting the incomplete call with a call completion application that determines call completion actions to be performed, such as setting a reminder, transmitting media data, transmitting alerts and notifications, etc.

19.     The '030 Patent relates to multi-gesture media recording on mobile devices. The technology described in the '030 Patent was developed by Kieraj Mumick. The technology is implemented by infringing phones that permit users to record media data such as audio or video by using different gestures such as press and hold, and swipe and hold, and where portions of the user interface dynamically change based on the detected type of gesture.

20.     Samsung has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import infringing products including, but not limited to, Samsung phones including, but not limited to, the GT-I7500 Galaxy, i5700 Galaxy Spica, Galaxy S, Galaxy SL, Galaxy S II, Galaxy S Advance, Galaxy S III, Galaxy S Duos, Galaxy S III Mini, Galaxy S II Plus, Galaxy S4, Galaxy S4 Active, Galaxy S4 Mini, Galaxy S4 Zoom, Galaxy S Duos 2, Galaxy S III Slim, Galaxy S5, Galaxy S III Neo, Galaxy S5 Active, Galaxy S5 Mini, Galaxy S Duos 3, Galaxy S5 Plus, Galaxy S6, Galaxy S6 Edge, Galaxy S5 Neo, Galaxy S6 Active, Galaxy S6 Edge+, Galaxy S7, Galaxy S7 Edge, Galaxy S7 Active, Galaxy S8, Galaxy S8+, Galaxy S8, Active, Galaxy S9, Galaxy S9+, Galaxy S10e, Galaxy S10, Galaxy S10+, Galaxy S10 5G, Galaxy S20, Galaxy S21, Galaxy S22, Galaxy Alpha, Galaxy A3, Galaxy A5, Galaxy A7, Galaxy A8, Galaxy A3, Galaxy A5, Galaxy A7, Galaxy A8, Galaxy A8+, Galaxy A6, Galaxy A6+, Galaxy A8 Star, Galaxy A7, Galaxy A9, Galaxy A6s, Galaxy A8s, Galaxy A30, Galaxy A50, Galaxy A10, Galaxy A20, Galaxy A40, Galaxy A70, Galaxy A20e, Galaxy A80, Galaxy A40s, Galaxy A60, Galaxy A10s, Galaxy A20s, Galaxy A10e, Galaxy C5, Galaxy C7, Galaxy C9, Galaxy C9 Pro, Galaxy C7 Pro, Galaxy C5 Pro, Galaxy C8, Galaxy J, Galaxy J1, Galaxy J5, Galaxy J7, Galaxy J2, Galaxy J1 Ace, Galaxy J3 (2016), Galaxy J1 Nxt, Galaxy J1 Mini, Galaxy J5 (2016), Galaxy J3 Pro, Galaxy J7, Galaxy J Max, Galaxy J1 Ace Neo, Galaxy J2 (2016), Galaxy J1 (2016), Galaxy J5 Prime, Galaxy J7 Prime, Galaxy J1 Mini Prime, Galaxy J2 Prime, Galaxy J3 Emerge, Galaxy J7 V, Galaxy J3 Prime, Galaxy J3 (2017), Galaxy J5 (2017), Galaxy J7 (2017), Galaxy J7 Pro, Galaxy J7 Max, Galaxy J7 Nxt, Galaxy J3 Luna Pro, Galaxy J7 Sky Pro, Galaxy J7+, Galaxy J2 (2017), Galaxy J2 Pro, Galaxy J7 Prime 2, Galaxy J7 Duo, Galaxy J4, Galaxy J6, Galaxy J3 (2018), Galaxy J7 (2018), Galaxy J2 Core, Galaxy J4+, Galaxy J6+, Galaxy J4 Core, Galaxy M, Galaxy M10, Galaxy M20, Galaxy

M30, Galaxy M40, Galaxy E5, Galaxy E7, Galaxy Grand, Galaxy Core, Galaxy Core Plus, Galaxy

Grand 2, Galaxy Grand Neo, Galaxy Core Prime, Galaxy Grand Prime Plus, Galaxy Grand Prime

Pro, Galaxy Mega 5.8, Galaxy Mega 6.3, Galaxy Mega 2, Galaxy Mini, Galaxy Mini 2, Galaxy

Trend, Galaxy Trend Lite, Galaxy Trend Plus, Galaxy Ace, Galaxy Ace Plus, Galaxy Ace 2,

Galaxy Ace 3, Galaxy Ace Style, Galaxy Ace 4, Galaxy On7, Galaxy On5, Galaxy On5 Pro,

Galaxy On5 (2016), Galaxy On7 (2016), Galaxy On7 Pro, Galaxy On8, Galaxy On Nxt, Galaxy

On Max, Galaxy On7 Prime, Galaxy On6, Galaxy On8 (2018), Galaxy R, Galaxy R Style, Galaxy

Y, Galaxy Y Duos, Galaxy Young, Galaxy Young 2, Galaxy Pocket, Galaxy Pocket Plus, Galaxy

Pocket Neo, Galaxy Pocket Duos, Galaxy Pocket 2, Galaxy U, Galaxy Neo, Galaxy Pro, Galaxy

Precedent, Galaxy Z, Galaxy Rush, Galaxy 5, Galaxy W, Galaxy Fit, Galaxy Gio, Galaxy Prevail,

Galaxy Nexus, Galaxy Discover, Galaxy Reverb, Galaxy Stellar, Galaxy Appeal, Galaxy Express,

Galaxy Express 2, Galaxy Fame, Galaxy Star, Galaxy Win, Galaxy Win Pro, Galaxy Star Pro,

Galaxy Fame Lite, Galaxy Round, Galaxy Light, Galaxy V, Galaxy V Plus, Galaxy V2, Galaxy K

Zoom, Galaxy Folder, Galaxy Active Neo, Galaxy Folder 2, Galaxy Fold, Galaxy Note, Galaxy

Note II, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy Note 5, Galaxy Note 7, Galaxy

Note Fan Edition, Galaxy Note 8, Galaxy Note 9, Galaxy Note 10, Galaxy Note 10+, Galaxy Note

10+ 5G, Galaxy Tab, Galaxy Tab 7.0, Galaxy Tab 10.1, Galaxy Tab 10.1N, Galaxy Tab 10.1v,

Galaxy Tab 8.9, Galaxy Tab 7.0 Plus, Galaxy Tab 7.7, Galaxy Tab 2 7.0, Galaxy Tab 2 10.1,

Galaxy Tab 3 7.0, Galaxy Tab 3 Lite 7.0, Galaxy Tab 3 8.0, Galaxy Tab 3 10.1, Galaxy Tab 4 7.0,

Galaxy Tab 4 8.0, Galaxy Tab 4 10.1, Galaxy Tab Pro 8.4, Galaxy Tab Pro 10.1, Galaxy Tab Pro

12.2, Galaxy Tab S 8.4, Galaxy Tab S 10.5, Galaxy Tab S2 8.0, Galaxy Tab S2 9.7, Galaxy Tab

S3 9.7, Galaxy Tab S4 10.5, Galaxy Tab S53, Galaxy Tab S6, Galaxy Tab S6 Lite, Galaxy Tab

S7, Galaxy Tab S8, Galaxy Tab E 8, Galaxy Tab E 9.6, Galaxy Tab A 8.0, Galaxy Tab A 9.7,

Galaxy Tab A 6.0, Galaxy Tab A 7.0, Galaxy Tab A 8.0 (2017), Galaxy Tab A 10.1 (2016), Galaxy Tab A 10.1, Galaxy Tab A 10.5, Galaxy Tab Pro S 12.0, Galaxy Book 10.6, Galaxy Book 12.0, Galaxy Tab Active, Galaxy Tab Active 2, Galaxy View, Galaxy Note 8.0, Galaxy Note 10.1, Galaxy Note 10.1 (2014), Galaxy Note Pro 12.2, Galaxy Z family, and any other Samsung devices within the same product families as those named herein (collectively, the "exemplary Accused Devices"), all of which are pre-configured or adapted with the Android operating system, Google Messages, and Samsung Messages.

## COUNT I
### (Infringement of the '949 Patent)

21.    Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

22.    Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '949 Patent.

23.    Defendants have and continue to directly infringe the '949 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '949 Patent. Upon information and belief, Defendants directly infringe claim 1 by performing the claimed method in the United States, including at least through testing and qualification of the Accused Products by Defendants or their agents.  On information and belief, such Samsung products include at least the Samsung tablets and phones that enable a user to create and transmit interactive multimodal messages to a recipient.

24.    For example, Defendants have and continue to directly infringe at least claim 1 of the '949 Patent through use of the claimed method in the United States. For example, Defendants' products use an application on the mobile device and server to automatically create, transmit, and trigger interactive multimodal messages. As an example, the exemplary Accused Devices running

the Google Android operating system create interactive multimodal messages using a client application, wherein the multimodal messages are stored at a server controlled by the user:





25.    Defendants' products running the Google Android operating system send notifications with pointers to the stored messages and trigger the stored multimodal messages on the Defendants' mobile devices which automatically transmit information through the triggered interactive multimodal message:



26.    At all times during the performance of the claimed method, the user controls the hardware and software used to perform the claimed method. The user obtains the benefit of the use of the claimed method, including through saving bandwidth, increasing convenience, and allowing the method to operate in situations in which it would not otherwise be able to operate.

27.    Defendants have and continue to indirectly infringe one or more claims of the '949 Patent by knowingly and intentionally inducing others including, but not limited to, network operators, server operators, Samsung's customers, and end-users to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that create, transmit, and trigger interactive multimodal messages.

28.    Defendants, with knowledge that these products, or the use thereof, infringe the

'949 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '949 Patent by providing these products to end-users for use in an infringing manner.

29.    Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '949 Patent, but while remaining willfully blind to the infringement.

30.    Multimodal has suffered damages as a result of Defendants' indirect infringement of the '949 Patent in an amount to be proved at trial.

31.    Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '949 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '978 Patent)

32.    Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

33.    Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '978 Patent.

34.    Defendants have and continue to directly infringe the '978 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '978 Patent. On information and belief, such Samsung products include at least the Samsung tablets and phones that record and store voice content and send a text message with a voice message notification allowing the recipient to listen to said recorded voice content.

35.      For example, Defendants have and continue to directly infringe at least claim 10 of the '978 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use an application on the mobile device and server to record and store voice content, and send a text message with a voice message notification allowing the recipient to listen to said recorded voice content. Defendants directly infringe by, for example, "using" the claimed invention in the United States through qualification and testing. Defendants control the system as a whole and obtain benefit from it, for example, by saving bandwidth, increasing convenience, and allowing the system to operate in situations in which it would not otherwise be able to operate. As another example, Defendants directly infringe by "making" the claimed invention in the United States, by combining them into one system including the claimed server. As an example of this infringement, the exemplary Accused Products running the Google Android operating system and using network servers, supports a client application, such as Google Messages and Samsung Messages, to integrate and transmit voice content in a text message:



36.    Defendants' products store a list of addresses of recipients and include a user interface for the user to input voice and text messages. For example, the exemplary Accused Products includes memory to store phone numbers and addresses and includes a touch screen and microphone.

37.    Defendants' products use a server to remotely record and store voice messages and provide access to the recipients. For example, the exemplary Accused Products use a network server to automatically store audio messages where it can access the audio messages to play them for the recipient of the message.



38.    Defendants have and continue to indirectly infringe one or more claims of the '978 Patent by knowingly and intentionally inducing others including, but not limited to, network operators, server operators, Samsung's customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that integrate and send voice content in short message service messages.

39.    Defendants, with knowledge that these products, or the use thereof, infringe the '978 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '978 Patent by providing these products to end-users for use in an infringing manner.

40.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '978 Patent, but while remaining willfully blind to the infringement.

41.     Multimodal has suffered damages as a result of Defendants' direct and indirect infringement of the '978 Patent in an amount to be proved at trial.

42.     Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '978 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '227 Patent)

43.     Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

44.     Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '227 Patent.

45.     Defendants have and continue to directly infringe the '227 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '227 Patent. On information and belief, such Samsung products include at least the Samsung tablets and phones that complete an incomplete call including detecting the incomplete call and receiving and triggering call completion actions.

46.     For example, Defendants have and continue to directly infringe at least claim 1 of the '227 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use a call completion application to detect incomplete calls and provide call completion actions for execution on the Samsung mobile device. As an example, the exemplary

16

Accused Products running the Google Android operating system and Google Duo, provide a call completion application to complete an incomplete call by detecting the incomplete call and performing a call completion action based on the caller's selection:









47.     Defendants have and continue to indirectly infringe one or more claims of the '227 Patent by knowingly and intentionally inducing others, including Samsung's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use a call completion application to detect incomplete calls and perform call completion actions selected by the caller.

48.     Defendants, with knowledge that these products, or the use thereof, infringe the '227 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '227 Patent by providing these products to end-users for use in an infringing manner.

49.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '227 Patent, but while remaining willfully blind to the infringement.

50.     Multimodal has suffered damages as a result of Defendants' direct and indirect infringement of the '227 Patent in an amount to be proved at trial.

51.     Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '227 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## <u>COUNT IV</u>
### (Infringement of the '030 Patent)

52.     Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

53.     Multimodal has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '030 Patent.

54.     Defendants have and continue to directly infringe the '030 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '030 Patent. On information and belief, such Samsung products include at least the Samsung tablets and phones that use a processor and computer readable storage medium to store and execute a gesture based media recording

application.

55.    For example, Defendants have and continue to directly infringe at least claim 8 of the '030 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include a processor and storage to store and use a gesture based media recording application for recording audio. As an example, the exemplary Accused Products running the Google Android operating system, support a user interface to detect a first and second gesture input by the user and record media based on the gestures detected through applications, such as Google Messages and Samsung Messages:



56.     Defendants have and continue to indirectly infringe one or more claims of the '030 Patent by knowingly and intentionally inducing others, including Samsung's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use processor and computer readable storage medium to execute a gesture based media recording application such as Google Messages and Samsung Messages.

57.     Defendants, with knowledge that these products, or the use thereof, infringe the '030 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '030 Patent by providing these products to end-users for use in an infringing manner.

58.     Defendants have induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '030 Patent, but while remaining willfully blind to the infringement.

59.     Multimodal has suffered damages as a result of Defendants' direct and indirect infringement of the '030 Patent in an amount to be proved at trial.

60.     Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '030 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Multimodal prays for relief against Defendants as follows:

a.      Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate Multimodal for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding Multimodal its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      Such other and further relief as the Court deems just and proper.

Dated:  November 29, 2022                    Respectfully submitted,

/s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

***ATTORNEYS FOR PLAINTIFF,***
***MULTIMODAL MEDIA LLC***